# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jane Doe 1, by and through her parents and natural guardians, Mother Doe 1 and Father Doe 1, and Jane Doe 2,<br><br>    Plaintiffs,<br><br>v.<br><br>Independent School District 31 d/b/a/ Bemidji Area Schools,<br><br>    Defendant. | Case No. 20-CV-00226-SRN/LIB<br><br>**PLAINTIFF JANE DOE 1'S UNCONTESTED PETITION TO APPROVE SETTLEMENT UNDER MINN. STAT. § 540.08** |

Plaintiff Jane Doe 1, by and through her legal guardians and undersigned counsel, for her Petition to Approve Settlement, states and alleges as follows:

## FACTUAL BACKGROUND

1. Two plaintiffs, including Jane Doe 1, brought suit as minors against Independent School District 31, known as Bemidji Area Schools ("Defendant"), by and through their parents, seeking compensation for damages for claimed violations of their rights under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*, their right to equal protection of the law under the Fourteenth Amendment to the U.S. Constitution pursuant to 42 U.S.C. § 1983, and state common law.

2. Defendant denies these allegations.

3. Jane Doe 1's parents, Father Doe 1 and Mother Doe 1, brought the above-described claims on her behalf when Jane Doe 1 was a minor. (Father Doe 1 Decl. ¶ 6.)

4. Jane Doe 1 was placed under guardianship prior to her eighteenth birthday,

with Father Doe 1 and Mother Doe 1 appointed as her legal co-guardians. (Father Doe 1 Decl. ¶ 3; Johnson Decl. ¶ 3; Guardianship Order, **Exhibit 1**, at 3.)

5. Jane Doe 1 is a person subject to guardianship. (Exhibit 1, at 2; *see* 2020 Minn. Law ch. 86, art. 1, §§ 41 (substituting term "person subject to guardianship" for the term "ward"), 42 (applying change to all guardianship cases).) The guardianship order provides her co-guardians with the duty and power to exercise certain rights and powers on her behalf. (Exhibit 1, at 3.) This includes the "power to approve or withhold approval of any contract, except for necessities, which the person subject to guardianship may make or wish to make," and the duty and power to represent her in civil court proceedings. Minn. Stat. § 524.5-313(c)(5), (10). With court approval, Jane Doe 1's co-guardians may also settle her legal claims. *Id.* § 524.5-313(c)(10).

6. The parties litigated the claims in Paragraph 1 extensively but failed to resolve the plaintiffs' claims at a mediation as well as at a court-ordered settlement conference. (Johnson Decl. ¶¶ 4–8.)

7. A ten-day trial was scheduled to begin on February 27, 2023. The Court ordered the parties to begin exchanging pre-trial documents no later than January 26, 2023. (ECF No. 256.)

8. The Court also ordered the parties to attend another settlement conference. (ECF No. 256.)

9. This settlement conference occurred before Magistrate Judge Brisbois by phone on January 17, 2023, and it occurred less than a week after the Court issued an order granting in part and denying in part Defendant's motion for summary judgment. (ECF Nos.

257, 264–65.)

10. During the settlement conference, the parties tentatively settled monetary terms. (*See* ECF No. 265; Johnson Decl. ¶ 9.)

11. In the days following the settlement conference, the parties conferred on non-monetary relief and reached an agreement on these terms. (Johnson Decl. ¶¶ 10–11.)

12. Jane Doe 1, by and through her parents, executed a settlement agreement on January 31, 2023. (*See* Settlement Agreement & Amendment, **Exhibit 2;** Johnson Decl. ¶ 12.) The parties executed an amendment to the settlement agreement, to clarify payment terms, on March 7. 2023. (Exhibit 2, at 18–19.)

13. Subject to the approval of this Court, Defendant and Plaintiff Jane Doe 1 have agreed to resolve Jane Doe 1's claims as follows: Defendant will provide a payment of $35,000 and will comply with the non-monetary terms proposed in Paragraphs 3 to 5 of Jane Doe 1's settlement agreement, in exchange for Jane Doe 1's agreement to release and dismiss her claims with prejudice, as more fully described in the Settlement Agreement and Amendment. (Exhibit 2, at ¶¶ 2–5.)

14. Plaintiff Jane Doe 2 agreed to resolve her claims separately, and her claims were dismissed with prejudice pursuant to stipulation of the parties on March 20, 2023. (Johnson Decl. ¶ 13; Order Dismissing Claims of Jane Doe 2, ECF No. 271.)

15. Pursuant to the Settlement Agreement & Amendment, the parties propose that payment of monetary relief be made by a single check in the amount of thirty-five-thousand dollars ($35,000), payable to Jane Doe 1's counsel, Nichols Kaster, PLLP, for further distribution as described below. This settlement is subject to the approval of this

Court and is intended to be full and final satisfaction of all of Jane Doe 1's claims against Defendant, including known and unknown injuries or unforeseen consequences of known injuries, arising out of the allegations in this action.

16. Jane Doe 1 requests that the $35,000 settlement be distributed consistent with her legal services agreement with counsel, and as modified between counsel and Jane Doe 1, as follows:

> (a) $17,500 to Jane Doe 1; and
>
> (b) $17,500, to reimburse counsel who have advanced litigation costs for her share of litigation expenses.

(Johnson Decl. ¶¶ 14–16 (explaining counsel's share of litigation costs).)

17. Jane Doe 1 proposes that her portion of the settlement proceeds be wired directly into a special needs trust account established under Jane Doe 1's legal name, which is administered by a designated Trustee, Father Doe 1, and for which Jane Doe 1 is the sole beneficiary. (Father Doe 1 Decl. ¶ 12; *see* Special Needs Trust, **Exhibit 3**.)

18. Plaintiff Jane Doe 1 requests the Court's approval to distribute these settlement proceeds within thirty (30) days of the later of (1) Defendant receiving notice from the Court or from Plaintiffs of a Court order approving Jane Doe 1's entry into the settlement agreement; or (2) Nichols Kaster, PLLP, providing Defendant with a completed W-9 form.

19. Plaintiff Jane Doe 1 now seeks the Court's approval of the settlement and to the proposed distribution of funds, pursuant to Minn. Stat. § 540.08.

20. Defendant's counsel has reviewed this Motion and Petition, and does not

oppose the filing of it and captioning it as uncontested. (Johnson Decl. ¶ 17.)

## ANALYSIS

In Minnesota, parents have a statutory right to bring and maintain a legal action on behalf of their injured minor children. Minn. Stat. § 540.08. Likewise, legal guardians may bring and maintain an action on behalf of their injured person subject to guardianship.[1] *Id.* But, in either scenario, the Court must approve any "settlement or compromise of the action." *Id.* A settlement is not "valid unless it is approved by a judge of the court in which the action is pending." *Id.*; *see* Minn. Stat. § 524-5.313(c)(10) (requiring court approval for settlements by guardians).

These claims were brought on Jane Doe 1's behalf when she was a minor child by her parents, Mother Doe 1 and Father Doe 1. Jane Doe 1 is no longer a minor but remains under the guardianship of Mother Doe 1 and Father Doe 1 pursuant to a valid guardianship order. (Exhibit 1; Father Doe 1 Decl. ¶¶ 2–3.) Jane Doe 1's guardians believe the proposed settlement should be accepted, pursuant to the approval of this Court, rather than putting Jane Doe 1 through the burdens, expenses, pressures, delays, and uncertainty of trial. (Father Doe 1 Decl. ¶ 9; Mother Doe 1 Decl. ¶ 3.) Jane Doe 1 and her guardians have been fully advised that she has a right to fully litigate this matter through trial, and Jane Doe 1

---

[1] District of Minnesota Local Rule 17.1 orders this Court to follow Minnesota state court procedures for approving settlements, but this rule only applies to diversity actions or actions for wrongful death. Because this is neither, Local Rule 17.1 does not apply to Jane Doe 1's settlement. Likewise, Minnesota Rule of General Practice 145 does not apply to the instant petition because this is a federal action that does not fall under Local Rule 17.1, and because this is not a personal injury. In the absence of diversity, this Court applies federal procedural rules and the substantive law of the forum state.

5

supports this settlement. (Father Doe 1 Decl. ¶ 10.) Jane Doe 1 and her legal guardians understand they are responsible for seeking advice on any tax obligations related to this settlement, including tax reporting, tax payment, or other tax consequences. (Exhibit 2, at 4 ¶ 1.e.)

Jane Doe 1's guardians also believe the proposed distribution plan should be accepted. (Father Doe 1 Decl. ¶ 14.) Other than reimbursements for expenses, *see infra*, all settlement proceeds will benefit Jane Doe 1, and will be preserved pursuant to the terms of her special needs trust. (*Id.* ¶¶ 13–14.) Jane Doe 1's guardians believe it is in Jane Doe 1's best interests that the funds be held in a special needs trust, which will ensure that these settlement funds are protected and used only to provide for Jane Doe 1's reasonable living expenses and other needs. (*Id.* ¶¶ 11–12; Exhibit 3, at ¶ 2.1.) Father Doe 1 has been appointed Trustee of Jane Doe 1's special needs trust and may disburse funds only as necessary or advisable to provide for Jane Doe 1's special needs. (Exhibit 3, at ¶ 4.2.)

Finally, the costs expended within this case are fair and reasonable based on the depth of discovery, the degree and length of litigation, and the terms of the legal services agreement. (Johnson Decl. ¶¶ 5, 15–16.) Plaintiffs' counsel have agreed to collect an amount totaling far less than the total litigation costs in this case. (*Id*. ¶ 15.)

## CONCLUSION

Because the terms of this settlement agreement are appropriate, in Jane Doe 1's best interests, and comply with Minnesota Statute section 540.08, Plaintiff Jane Doe 1 asks this Court to approve and order the foregoing proposed distribution and settlement.

Dated: April 14, 2023 　　　　　s/*Melanie Johnson*
　　　　　　　　　　　　　　　Matthew H. Morgan, MN Bar No. 0304657
　　　　　　　　　　　　　　　Rebekah L. Bailey, MN #0389599
　　　　　　　　　　　　　　　Melanie A. Johnson, MN #0400814
　　　　　　　　　　　　　　　4700 IDS Center
　　　　　　　　　　　　　　　80 South 8th Street
　　　　　　　　　　　　　　　Minneapolis, MN 55402
　　　　　　　　　　　　　　　Telephone (612) 256-3200
　　　　　　　　　　　　　　　Fax (612) 338-4878
　　　　　　　　　　　　　　　morgan@nka.com
　　　　　　　　　　　　　　　bailey@nka.com
　　　　　　　　　　　　　　　mjohnson@nka.com